**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE GREENMAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HACKENSACK, et al., <br><br> Defendants | Civ. No. 15-cv-3274 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Rose Greenman, an elected City Council member for the City of Hackensack from May 2013 until her resignation in March 2015, brings this action under 42 U.S.C. § 1983 against the City, the Mayor and Deputy May, and other City personnel. Three defendants—the City, Mayor John Labrosse, and Deputy Mayor Kathleen Canestrino—move to dismiss the complaint for failure to state a cause of action, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons expressed herein, the motion will be for the most part denied, but granted on consent as to one aspect.

**The complaint**

The allegations of the complaint, assumed to be true for purposes of this motion only, may be summarized as follows:

Ms. Greenman, a member of the Jewish faith and an immigrant from Moldova, alleges that she was discriminated against based on her religion and nationality. She also alleges that she exercised her First Amendment right to inform the New Jersey Department of Community Affairs about misappropriation of funds in Hackensack, and suffered retaliation as a result.

1

Finally, she alleges that she was the victim of an unreasonable intrusion that led to a false accusation, later dismissed, that she had violated zoning ordinances by carrying on a law practice in her home.

The defendants named in the Complaint are:

> The City of Hackensack
>
> Mayor John Labrosse and Deputy Mayor Kathleen Canestrino (both were also City Council members).
>
> Richard Salkin, counsel for the City Board of Education
>
> Art Koster, City personnel director and acting City manager
>
> Albert Borelli, Zoning Officer.

The causes of action pleaded in the complaint are:

> Count 1 – First Amendment Retaliation (42 U.S.C. § 1983)
>
> Count 2 – NJ Conscientious Employee Protection Act ("CEPA") (N.J. Stat. Ann. § 34:19-1)
>
> Count 3- Religious and ethnic discrimination (42 U.S.C. § 1983)
>
> Count 4- Religious and ethnic discrimination (NJ Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5)
>
> Count 5 – Malicious Prosecution (42 U.S.C. § 1983)
>
> Count 6 – Malicious Prosecution Conspiracy (42 U.S.C. § 1983)
>
> Count 7 – Abuse of Process (42 U.S.C. § 1983)
>
> Count 8 – NJ Civil Rights Act (N.J. Stat. Ann. § 10:6-2)
>
> Count 9 – State law defamation

**Standard on a motion to dismiss**

Defendants have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must

take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### Analysis

#### 1. Counts 2 and 4 (CEPA, NJLAD)

##### a. "Employee" status

Defendants assert that Greenman cannot maintain a cause of action under CEPA or NJLAD, primarily because a Council member is not an "employee" of the City.

Under CEPA, an employee is an individual who performs services for and under the control and direction of an employer for wages or other remuneration. N.J. Stat. Ann. § 34:19-2(b). Relevant factors under CEPA, developed in the context of independent contractors, include

> (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation—supervised or unsupervised; (3) skill; (4) who furnishes the equipment and

3

> workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer;" (10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.

*D'Annunzio v. Prudential Ins. Co. of Am.*, 927 A.2d 113, 121 (N.J. 2007) (quoting *Pukowsky v. Caruso*, 711 A.2d 398, 404 (N.J. Super. App.Div. 1998) (quoting *Franz v. Raymond Eisenhardt & Sons, Inc.*, 732 F.Supp. 521, 528 (D.N.J. 1990))). Other and different considerations have been applied to persons who are shareholder-directors in a business organization, because their status may render them less susceptible to intimidation. *See Feldman v. Hunterdon Radiological Associates*, 901 A.2d 322 (N.J. 2006)

    NJLAD does not contain a general definition of "employee," although it does exclude "any individual employed in the domestic service of any person." N.J. Stat. Ann. § 10:5-5(f). Like CEPA, however, NJLAD is broad, remedial legislation, and the flexible *Pukowski* test has been applied in the NJLAD context as well. *Feldman*, 901 A.2d at 331. That test, however, requires a factual context.

    Defendants argue cogently that a Council member wields a great deal of power; so considered, she is not the kind of employee, subject to intimidation or retaliation, that may sue under CEPA or NJLAD. In support, they cite the laws that govern the structure of municipal government, the powers of Council members, and so on. They concede, however, that the case law requires case-by-case analysis. And they do not point to any case that performs the necessary factual analysis and holds that a City Council member is *not* an employee for these purposes.

    Plaintiff alleges that she is an employee. She did work; she was paid. That is enough at the pleading stage. The multifactor factual analysis of whether she qualifies for that status cannot profitably be conducted solely in reference to the face of the complaint. The motion to dismiss on these grounds

4

is denied without prejudice, of course, to renewal in the context of summary judgment after discovery.

### b. Actionable "whistleblowing"

The complaint alleges that Greenman and two others attended a meeting of the New Jersey Department of Community Affairs on August 13, 2014. There, she stated that the City of Hackensack was misappropriating funds, and called for State oversight. She also spoke out against "improper conduct" by City Council members, an apparent reference to the other allegations of the Complaint. (Cplt. ¶¶ 50–53, 97)

The elements of a CEPA claim are: (1) the employee reasonably believed that the employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity described in N.J.S.A. 34:19-3(c); (3) an adverse employment action was taken against the plaintiff employee; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (2007)

CEPA thus prohibits retaliatory action against an employee who:

> a. discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes:
>
> (1) is in violation of a law, rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to any...employee, former employee, retiree or pensioner of the employer or any governmental entity...or
>
> (2) is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any ...employee, former employee, retiree or pensioner of the employer or any governmental entity....

N.J. Stat. Ann. § 34:19-3.

It is not a stretch to say that misuse of public funds could violate public policy, or could be fraudulent. At the pleading stage, these allegations are sufficient. On this ground, too, the motion to dismiss will be denied.

### 3. NJLAD "Employer"

Defendants next argue that defendants John Labrosse and Kathleen Canestrino cannot, as a matter of law, be held liable under NJLAD. They are not Greenman's "employer." *See* N.J. Stat. Ann. § 10:5-5(e). Plaintiff concedes that Count 4 must be dismissed as to Labrosse and Canestrino only. The motion is therefore granted in that respect.

The remaining disputes on this point (chiefly over the City's continuing liability) really revolve around the issue, discussed above, of Greenman's status as employee. That, as I have already held, cannot be resolved on a motion to dismiss, but may be revisited on summary judgment.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED ON CONSENT solely as to defendants Labrosse and Canestrino, and solely as to Count 4. The motion to dismiss is in all other respects DENIED.

Dated: March 2, 2016

_____
KEVIN MCNULTY
United States District Judge